SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
------------------------------------------------------------------------X

IVONNE NICASIO,

                        Plaintiff(s),

  v.

TARGET CORP.,

                        Defendant(s).
------------------------------------------------------------------------X

Index No.:
Date Filed:

**SUMMONS**

Plaintiff designates
BRONX COUNTY as
the place of trial.
The basis of venue is:

The location where the cause of
action arose, pursuant to CPLR §
504.

**TO THE ABOVE NAMED DEFENDANT(S):**

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorneys an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       January 14, 2022

                                            **MORGAN & MORGAN NY PLLC**

                                            By: Gamaliel B. Delgado, Esq.
                                            *Attorneys for Plaintiff*
                                            195 Montague Street, 14th Floor
                                            New York, NY 11201
                                            (917) 344-7031
                                            gdelgado@forthepeople.com

1

## SERVICE LIST

### VIA NY SECRETARY OF STATE/PERSONAL SERVICE

TARGET CORP.
C/O CT CORPORATION SYSTEM
28 Liberty Street, New York, NY, 10005

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
------------------------------------------------------------------------X

IVONNE NICASIO,

                   Index No.:

                   Plaintiff(s),    **VERIFIED COMPLAINT**

v.

TARGET CORP.,

                   Defendant(s).
------------------------------------------------------------------------X

      Plaintiff, IVONNE NICASIO, by their Attorneys MORGAN & MORGAN NY PLLC, as and for their Complaint against the Defendant, alleges, upon information and belief:

      1.    At all relevant times herein, Plaintiff, IVONNE NICASIO was and has been a resident of Bronx County, City and State of New York.

      2.    At all relevant times herein, Defendant, TARGET CORP., was and still is a foreign domestic business corporation organized in Minesota that has duly filed an application for authority with the New York Department of State, and is authorized to conduct business in the State of New York. Said defendant is conducting business in the State of New York.

      3.    At all relevant times herein, the location that gave rise to this accident which occurred on April 20, 2021, was and is the Target Store located upon the lands and premises at 40 West 225th Street, in Bronx County, City, and State of New York.

      4.    At all relevant times herein, the Plaintiff was a lawful invitee at said location.

1

## AS AND FOR A FIRST CAUSE OF ACTION

## ON BEHALF OF THE PLAINTIFF

5. At all relevant times herein, Defendant, TARGET CORP., owned certain lands and/or premises at the aforementioned location.

6. At all relevant times herein, Defendant, TARGET CORP., by their agents, servants, and/or employees operated the store premises at the aforementioned location.

7. At all relevant times herein, Defendant, TARGET CORP., by their agents, servants, and/or employees managed the walkways and aisles located within the store premises at the aforementioned location.

8. At all relevant times herein, Defendant, TARGET CORP., by their its agents, servants, and/or employees maintained the walkways and aisles located within the store premises at the aforementioned location.

9. At all relevant times herein, Defendant, TARGET CORP., by their agents, servants, and/or employees inspected the walkways and aisles located within the store premises at the aforementioned location.

10. At all relevant times herein, Defendant, TARGET CORP., by their agents, servants, and/or employees controlled the premises, the walkways and aisles located within the store premises at the aforementioned location.

11. At all relevant times herein, Defendant, TARGET CORP., through its acts and/or omissions negligently, carelessly, inadequately and/or improperly inspected and/or failed to inspect the store premises including the walkways and aisle located within the premises at the aforementioned location.

12. At all relevant times herein, Defendant, TARGET CORP., through its acts and/or omissions inadequately and/or improperly owned, operated, managed, maintained and controlled

2

the store premises including the walkways and aisle located within the premises at the aforementioned location.

13. On April 20, 2021, Plaintiff, IVONNE NICASIO, was a lawful invitee and customer at the aforementioned location.

14. On April 20, 2021, as Plaintiff IVONNE NICASIO was lawfully traveling in and upon the aisles and walkways within the Target Store premises at 40 West 225th Street, in Bronx County, City, and State of New York, the Plaintiff was caused to slip, be propelled forward and fall due to the following dangerous condition(s): (1) water and/or slippery substances on the floor; (2) flooring materials that became excessively slippery when wet/substance covered; (3) the presence of excessive wax and/or floor sealant, thereby sustaining serious and permanent injuries, due to the sole negligence of the Defendant.

15. The Defendant, at the time of the accident, negligently caused, created, allowed and/or permitted said location to remain in a dangerous condition, and failed to correct the condition which constituted a trap and nuisance for (patrons and customers/guests and invitees).

16. The Defendant had actual and constructive notice of the condition on the day of the accident. The Defendant knew or should have known of said dangerous condition and should have taken action to correct said condition.

17. The Defendant knew or should have known the dangerous condition of the walkways and aisles at the aforesaid location would cause harm to lawful customers and invitees.

18. At all times herein relevant, the Defendant was under a duty to keep the aforementioned store premises including the walkways and aisles at said location in a safe, proper and secured manner, clean and free from obstructions, and/or slippery substances and dangerous conditions.

3

19. That as a result of the foregoing, the Plaintiff was caused to and did sustain severe and serious injuries, was required to seek and obtain medical care and attention in an effort to cure and alleviate same, and, upon information and belief will be compelled to do so in the future.

20. The foregoing incident and resulting serious injuries occurred as a direct result of the negligence and/or carelessness of the Defendant, their employees, agents, servants, and/or staff, without any negligence attributable in any measure to the Plaintiff.

21. As a result of the said negligence and/or carelessness of the Defendant, their employees, agents, servants, and/or staff, the Plaintiff was seriously injured and has suffered damages in an amount which excess the monetary jurisdictional limits of all lower New York State Courts that would otherwise have jurisdiction.

22. The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR § 1602 applies.

WHEREFORE, the Plaintiff demands judgment against the Defendant in a sum exceeding the jurisdictional limits of all lower courts, together with interest, costs, disbursements, attorney fees in this action, and such other and further relief as the Court may deem just, proper, and equitable.

Dated: New York, New York
January 14, 2022

**MORGAN & MORGAN NY PLLC**

By: Gamaliel B. Delgado, Esq.
*Attorneys for Plaintiff*
195 Montague Street, 14th Floor
New York, NY 11201
(917) 344-7031
gdelgado@forthepeople.com

**SERVICE LIST**
TARGET CORP.
C/O CT CORPORATION SYSTEM
28 Liberty Street, New York, NY, 10005

5

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to CPLR § 2106:

That he is an Attorney with the firm of MORGAN & MORGAN NY PLLC, Attorneys for the Plaintiff herein.

That he has read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof, and, that the same is true to the knowledge of your deponent, except as to those matters therein alleged on information and belief, and that as to those matters he believes them to be true.

That the reason why this Verification is made by your deponent and not by the Plaintiff is that said party resides outside the county in which your deponent maintains his office.

That the source of your deponent's information and the grounds of his belief as to all matters therein alleged upon information and belief is reports from and communications had with said party.

Dated: New York, New York
January 14, 2022

_____
GAMALIEL B. DELGADO, ESQ.

FILED: BRONX COUNTY CLERK 01/17/2022 11:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 800727/2022E
RECEIVED NYSCEF: 01/17/2022

Case 1:22-cv-03218-NRB   Document 1-1   Filed 04/20/22   Page 9 of 10

9 of 10

SUPREME COURT OF THE STATE OF NEW YORK          INDEX NO.:
BRONX COUNTY

IVONNE NICASIO,

                             Plaintiff(s),

    v.

TARGET CORP.,

                             Defendant(s).

## PLAINTIFF'S SUMMONS & VERIFIED COMPLAINT

**MORGAN & MORGAN NY PLLC**
*Attorneys for Plaintiff*
195 Montague Street, 14th Floor
New York, Ny 11201
(917) 344-7031
gdelgado@forthepeople.com

1